UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
FILED

MAR 0 6 2025

SOUTHERN DISTRICT OF
NEW YORK

_Vivian A. Hill and Harold H. Warren_

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been
assigned)

-against-

_140 Claremont Owners Ltd._
_Total Management NYC_
_Moses Farhat Management Co._

**COMPLAINT**

Do you want a jury trial?
☑ Yes    ☐ No

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Fair Housing Act of 1968 and Act Amendments of 1988
Title VII of the Civil Rights Act of 1964
New York State Human Rights Law
New York City Human Rights Law

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
　　　　　　(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                              (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, s _listed in the complaint_, ~~is~~ are incorporated under the laws of

the State of _New York_____

and has its principal place of business in the State of _New York_____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _New York_____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_Vivian A. Hill and Harold A. Warren_____
First Name                      Middle Initial          Last Name

_140 Claremont Avenue #1K._____
Street Address

_New York_____      _New York_____      _10027-4663_____
County/City                              State                      Zip Code

(c) _917-318-4236_ (c)_646-740-7707_   _WarreHarry@mac.com_____
Telephone Number                        Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:   Smith Buss + Jacobs JJP lawyers for 140 Claremont Owners Ltd.
First Name                        Last Name

Sarette Hassid, Esq
Current Job Title (or other identifying information)

1325 Franklin Avenue, Suite #328 Garden City, NY 11530
Current Work Address (or other address where defendant may be served)

Garden City                New York              11530
County, City               State                 Zip Code

Defendant 2:   Total Management NYC,
First Name                        Last Name

369 Lexington Avenue New York, NY 10016
Current Job Title (or other identifying information)

P.O. Box #79
Current Work Address (or other address where defendant may be served)

Emerson, New Jersey              07630
County, City          State      Zip Code

Defendant 3:   Moises Realty Management
First Name                        Last Name

Current Job Title (or other identifying information)

236 West 26th Street Suite #806
Current Work Address (or other address where defendant may be served)

New York,                New York              10001
County, City             State                 Zip Code

Defendant 4: _____

    First Name                    Last Name

_____

    Current Job Title (or other identifying information)

_____

    Current Work Address (or other address where defendant may be served)

_____

    County, City               State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: *New York, New York*

Date(s) of occurrence: *3/3/2025*

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

*See attached ten page complaint*

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_See attached typed complaint_

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_See attached typed complaint_

_____

_____

_____

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Petitioner(s),*

_____CV_____

Vivian A. Hill and Harold H.Warren

-against-

COMPLAINT

140 Claremont Owners Ltd.

Trial by jury requested

Total Management NYC

Moises Farhat Management Co.

Respondent(s)

The Plaintiffs are retired Registered Nurse and Public School Teacher Vivian A. Hill and Doctor Harold H. Warren, MD. We resided for about 40 years at 140 Claremont Ave. at Apt. 1K New York, NY 10027. About 30 years ago, Vivian Hill purchased Apt. 1K when the building turned Coop. Vivian made her spouse Harold Apt. 1K Co-owner. Harold has power of attorney to conduct all Vivian's household affairs. However, the Defendants refuse to acknowledge it after our two December 27, 2024, certified letters to do so.

The Defendants display animosity to the extent that their February 10, 2025, letter from the Law firm of Smith Buss & Jacobs LLP is addressed only to Vivian Hill. During the past about 15 years, there was a dramatic increase in racial discrimination against the Plaintiffs by the 140 Claremont Owners Ltd. Coop Board and Managements as new residents moved into the building. The Plaintiffs, as coop owners, were denied their rights. The plaintiffs were not consulted and offered a vote on who was allowed to reside in the building or functions of either management or the coop board. In violation of the bylaws and contracts under which the Plaintiffs are owners in the Coop, we were involuntarily disenfranchised. Some activities, such as meetings in the hallway, were open to both owners and rental residents.

1

Causes of Action

Due to the extensiveness of the complaints, a separate list covering the prior years is to be presented in the revised complaint. Being under threat by a letter from the Law firm of Smith Buss & Jacobs LLP, this complaint is primarily an answer to their slander and defamation false statements about us and the frauds perpetrated by the Defendants.

The Defendant's civil rights violations against the Plaintiffs are based upon us being Afro-Americans, aged, and housing discrimination. They breached contract Coop bylaws and disenfranchised the Plaintiffs. We were denied our request for 140 Claremont Owners Ltd. records, accounting of who the board consist of, its actions, and why they are unresponsive to Plaintiffs repair needs over several years.

Federal statutes for this lawsuit include: The Fair Housing Act 1968 and Act Amendments 1988 Title VII of the Civil Rights Act of 1964

The Plaintiffs sustained personal injuries and were burglarized because of the Defendants' actions. They have refused to compensate the Plaintiffs for these matters.

The Plaintiffs have endured harm to their health and well-being and suffered apartment habitability emergencies caused by the Defendants. We have property value losses, and apartment repair needs not done due to the Defendants' breach of contract. 140 Claremont Owners Ltd. and Board failed in their statutory obligations in warranty of habitability and repairs under NY State's Multiple Dwelling Law and the city's Housing Maintenance Codes. Also, NYS Human Rights Law and New York City Human Rights Laws were violated by the Defendants. Regulations, and the co-op's governing documents, such as the bylaws and proprietary lease got violated, too.

It was not done while we paid maintenance fees to the Defendants to provide services.

Unspecified amounts of money are sought in the lawsuit to be declared by the future attorney doing our lawsuit, and they will amend this complaint.

2

True History

The Defendants violated 140 Claremont Owners Ltd. ByLaws. They are engaged in a hostile takeover by anonymous parties, possibly a cabal of new residents alleging to be 140 Claremont Owners Ltd. (hiring Total Management NYC and firing Moises Farhat Management Company). All coop\owners must have been informed and approved of such actions and the opportunity to voice their opinions and votes beforehand, but these got circumvented.

The former two listed Defendants have refused to respond to our December 27, 2024, certified letters seeking documents about who they are and why they breached the contract by not involving the residence Coop owners with matters of the Coop. Exhibit A certified mailing receipts.The latter Defendant, Moises Farhat Management Co., refuses to provide documents and about Plaintiff's 40 years of residence in said building.

Further illegal acts by Defendant parties, alleging to be 140 Claremont Owners Ltd., were their written demand that all correspondence to 140 Claremont Owners Ltd. be sent to Total Management NYC. They Defendants allow no Coop owner direct contacting the Coop Board. Therefore, Total Management NYC acts as a de facto entity, seizing our Coop's operations, interfering with the Coop owner's business, and disfranchising Coop owners regarding privacy and decision-making.

Total Management NYC unknown to Plaintiff suddenly appeared in the fall of 2024 demanding our maintenance money with no 140 Claremont Owners Ltd. access or explanation given. How and if any of this Coop's documents were changed in any way has been withheld by the Defendants in breach of contract. Any changes without the entire buildings Coop owners knowledge and consent compounds the Defendant's liabilities.

Neither Defendant responded to the Plaintiffs' certified letters, but instead retaliated. Months later they hired an attorney to threaten and intimidate the Plaintiffs with a lawsuit. On February 10, 2025, a letter from the Law firm of Smith Buss & Jacobs LLP, allegedly on behalf of 140 Claremont Owners Corp threatened with blatant lies that we missed an appointment on December 12, 2024, for repair of a leak (that has been there for over a year, and they were negligent to fix).

3

Rather than 140 Claremont Owners Corp. functioning to respond to our 2024 certified letter with a shareholder's concerns, they continue to violate the contract bylaws not to address those issues. The Plaintiff got no response as done in the past. Their lawyer's February 10, 2025 letter falsifies that they get unobstructed access, which is language pertaining to an emergency, not a yearly ongoing matter. The Coop bylaws state just the opposite. They are responsible for replacing the marble floor they seek to tear up in the bathroom. They refuse this guarantee, and all the other habitability problems have gone unaddressed since 2023.

Total Management NYC has alleged that the Plaintiff prevented them from repairing a leak, which is now shown in the basement. They failed to put two and two together. They want to tear up the marble floor alongside my bathtub, looking for a leak. Yet, to them, the water problem in the bathtub where they see the water facet running is unrelated. Total Management NYC should instead understand that Moises Farhat Management Co. failed to correct the issue of the bathtub clog and the leak coming from the same water pipes problem. Both issues are the same. The Defendant's letter proves they have no intention of addressing their responsibility to the shareholder owner but just what concerns them.

What actually happened during the incident in question was the Total Management NYC plumber arrived about two hours early for the appointment on December 12, 2014, unaccompanied by the superintendent. He had shown no identification and demanded that a woman, Vivian Hill, let him into her apartment. By all measures, the Defendant's plumber broke the appointment.

Nevertheless, he was given access. He could not fix the non-functioning steam heater below our bedroom apartment window. Their plumber stated the problem was a boiler in the building that needed repair. 140 Claremont Owners Ltd. never answered our complaints, leaving us to deal with a management company that disregards the need for a prewar steam boiler replacement specialist, not a plumber. The problem has always been the Defendants not wanting to pay for the replacement parts to maintain the steam they are required to provide. Next, that plumber wished to tear up the floor in the bathroom.

Vivian called the managing agent, who instructed the plumber to return at the designated time. Nevertheless, that plumber never returned to do the work. Total Management NYC stated they

4

would hire a different plumber. For Sarette Hassid of the firm of Smith Buss & Jacobs LLP to lie about what happened in their February 10, 2025, letter to threaten and intimidate us is unethical and reprehensible. Exhibit B. Vivian Hill suffered from said 140 Claremont Owners Ltd. attacks through their lawyer. And it damaged her reputation.

Vivian got a text from an (unsigned person) not stating from Total Management NYC that another plumber from a second company was being sent for another job in the building a following morning. The email made no appointment and gave no arrival time or the primary purpose of their visiting the building. Exhibit C. They made no appointment with the Plaintiffs.

The Defendants refuse to guarantee they would replace the marble floor in the bathroom in the same condition as before, intending to tear it up and find a suspected chronic water leak of over a year. Now, they have hired a lawyer to tell lies and make threats to make our lives worse than we already suffered. The Defendants refused to make habitable arrangements and repairs to Apt. 1K for years violating the law. They are in breach of contract because we are paying maintenance fees.

The Defendants have singled out the Plaintiffs to live in Apt. 1K in slum landlord-like conditions and are second class to the building's other Coop owners. It can no longer be endured.

A partial inhabitability list is as follows:

1. The radiator in the bedroom does not work. The plaintiffs lived in a cold apartment during the winters of 2023 and 2024 and became ill frequently from the cold.

2. Expenses were ensured by using an electric heater and related measures to prevent freezing in Apt 1K during the winters.

3. Calling 311 about 10 times was of no avail to get the Defendants to get a (steam heating and boiler repair specialist) sent to do the repair correctly, not a plumber. NYC Department of Housing Preservation and Development (HPD) told Moises Farhat Management Co. to send a

specialist. Moises Farhat Management indignantly instead sent any plumber and without qualifications to do prewar steam heating and building boiler replacement repairs.

Said plumber started work over a year ago on the nonfunctioning steam radiator but abandoned it. The plumber stated he did not have the expertise to fix the problem, which required a unit replacement, and building boiler repairs Moises Farhat Management needed to pay for it.

4. Moises Farhat Management Co. was forced by the NYC Department of Housing Preservation and Development (HPD) by the Plaintiff calling 311 to do extensive work in the kitchen. The kitchen faucet water leaks, which the super did not repair, damaged the floor beneath the sink and the cabinet. The floor had a hole rotting through to the basement. The workers repaired the floor hole. The cabinet needs replacement, but management has yet to do this.

5. The bathtub's drainage is clogged. The Plaintiff was unable to shower. The super failed to repair. It required the Plaintiffs to call 311 and the NYC Department of Housing Preservation and Development (HPD) to get the Defendants a Roto-Rooter-type man to do the work. We had no working smoke detector either for years. Those are among the violations the (HPD) has on record in 2023 and 2024. Since then, we had recurrent 2025 bathtub clogging. Currently, we are unable to take showers without standing in dirty water that does not drain well.

6. The toilet was clogged, and the super did not correct it by plunging it. He used tubing and placed it into the toilet. It scraped up the porcelain, creating an unfleshed residue. Although the super has access to replacement toilets, Moises Farhat Management Co. refused to reply to our correspondence requesting that they replace the damaged toilet.

7. In 2024, a foul smell from the next-door apartment, Apt. 1L permeated the air after that neighbor's death. The police placed a green sticker that said no one could enter. Moises Farhat Management Co. refused to reply to our correspondence. We asked them to contact the police to allow entry to Apt. 1L so they could do their duty and have that dwelling cleaned. The Plaintiffs suffered that unsanitary hazard to our health and well-being.

6

8. 140 Claremont Owners Ltd. was also derelict regarding our complaints and referred the Plaintiffs back to Moises Farhat Management Co., who let the Plaintiffs suffer and would not correct the problems.

9. Several times, Plaintiff pleaded with 140 Claremont Owners Ltd. and Moises Farhat Management Co. to put up a window gate or metal bars protection to the Apt. 1K. It is uniquely situated and connected to a plot of earth for planting flowers. That land bridge is a platform to enter our ground-floor window. We had reported two incidents of burglars trying to force entry into Apt. 1K to the Defendants. The Defendants refused obligations to provide building ground-floor window security bars or gates, which led to relief sought getting burglarized, as described below.

10. In prior years, a neighbor called 911 and claimed that the Plaintiffs' verbal discussion was dangerous. The Plaintiffs heard loud banging on their door and, in fear, Harold and Vivian retreated to the bathroom. We could not hear the police and ambulance outside. The building superintendent broke into our apartment through the window, causing damage to the wooden board, window frame and the air conditioner. He entered the apartment and illegally allowed the responding personnel inside. When the bathroom door was opened, we were confronted by police and ambulance workers. The Plaintiffs explained that there was no violence and asserted our right to the sanctity of their home. The authorities ultimately left us alone and exited the apartment. The Plaintiffs were shocked by what had transpired and have since experienced flashbacks.

Later, our apartment was burglarized, with the intruders entering through the window that the superintendent had climbed through but failed to secure afterward, despite his claims. Upon inspecting the window, there were loose screws and damage to the wooden frame and the air conditioner. The formally securely fitted air conditioner was no longer a barrier after the superintendent severely damaged it. The burglars stole the Plaintiffs' valuables and vandalized our possessions, including smashing the 55-inch TV monitor.

11. The Plaintiffs then incurred the expense of installing a metal window gate guard and replacing the damaged air conditioner. Also, the damaged window frame was repaired.The Defendants must pay for the losses, damages, and window gate guard but refused.

7

12. The Defendants negligently placed welcome areas for package delivery behind the ground-floor steer case. No warning sign or protection from hitting the steel was erected for when the delivery was placed under the stairwell. It happened that someone placed Warren's package was placed directly under the metal stairs. Upon standing erect, Warren hit his head on the metal, getting knocked out. An ambulance EMT did a revival and took the semiconscious Warren to an emergency room. The Plaintiff has not recovered from said head injury. Upon Plaintiff's certified letter notification to the Defendants, they neither replied, put up a sign, nor took precautions that no one else would get hurt.

There are other incidents not listed. We spared the reader by not listing them here.
The Defendants did not resolve several other problems that 311/ HPD has a record of,
for example:

- A leaking sink caused damage to the kitchen floor, sink cabinets, and floor.

- The bathtub water does not drain out, so it is difficult to shower without standing in dirty water.

- Management sent the super to plug a toilet, and he worsened it. He used a snake wire to unblock a clogged toilet. However, he scraped the porcelain on the inside of the bathroom, leaving the appearance to someone that the toilet was not flushed. We complained to management to get a replacement toilet, but they refused to answer.

- The next door neighbor died months ago. There was a bad smell from that apartment, with Plaintiffs being the only one adjacent to it. We asked the management to ask the police to remove the green tape to allow for cleaning to remove the order. The management refused to reply to our written and telephone complaints. Said deceased neighbor's apartment is subject to damages paid to the Plaintiff by next of kin and disbursements going to the Coop if no inheritors.

- The Coop withholding pertinent information is another breach of contract obligations.

- A dysfunctional Coop Board is a hindrance to the Plaintiff's getting a buyer. The building is responsible for foul odors from Apt. 1L and slum-like apartment defects, and it must be adjudicated.

- We had no wrong smoke detectors for years, which the 311 made them install. The 311 list has more such problems, which can be viewed.

- The 140 Claremont Owners Ltd. Coop Board likewise was indifferent, always referring us back to the managing agent in breach of contract to the Plaintiff's right to have a board responsive to these issues.

- The Plaintiffs have been forced for years to live in essentially slum apartment conditions, unlike other owners of the Coop.

- The Plaintiffs, in faith, asked their Total Management NYC property manager to come to Apt. 1K on December 12, 2024, to see the problems in our later certified letter to the Defendants. He initially made an appointment for 2 PM that day. However, after discovering the Plaintiffs are Afro-American, he canceled. He refused to meet with the Plaintiffs at any future time when asked. He also refused to deal with Harry Warren, who was designated as co-person owner, to handle our owner affairs. All this is documented in the email and letter correspondence. Despite Vivian verbally telling the building manager and writing complaints, his disrespect and disdain for our rights continue with the other abuses. The situation is intolerable regarding habitability. Now, we fear for our safety and well-being. We are being forced out, similar to other racial cleaning techniques, by parties of discrimination.

- A few years ago, the Defendant's failure to make workman-standard repairs and adhere to building codes, such as working smoke detectors, compromised and endangered the building at 140 Claremont Ave. and all its inhabitants. There was an electrical fire at the light fixture of the Plaintiff's bathroom. The superintendent and Moises Farhat Management Co. were adamant there was nothing wrong electrically. They refused to have an electrician investigate. The Plaintiff had to call 311, whose investigator determined it was a fire hazard to have not removed prewar lighting fixtures with electrical outlets to plug into them. Also, the electrical wires connected were defective. The defendants were forced to have the violations corrected and put a safe lighting fixture in place. Electrical work was done at the new light fixture and wall jacks. The Defendants refused to pay to have the bathroom restored. Most of all, they are profoundly ungrateful to the Plaintiffs for saving the building from another fire.

9

Relief Sought

A. The Court normally waits until later in a case to grant someone from the Pro Bono panel to take a petitioner's case. However, given the emergence of threats to the Plaintiff's safety and inhabitability causing medical problems, we petition for legal assistance now.

B. The Defendant's racist policies of no service and disenfranchisement peeked into retaliatory threats to our certified letter seeking guarantees under the Coop Laws. As of March 4, 2025, they seek to evict plaintiffs who pay maintenance fees, whereas White shareholders are treated differently upon requesting fair treatment.

C. Alternatively, if it pleases the Court, grant the plaintiff attorneys fees paid by the Defendants for a private Plaintiff lawyer. It is just warranted based on the case history. There is compelling evidence for success.

D. An Order to Show Cause and Restraining Order seeks the Defendants to have a (steam heating and boiler repair specialist) and repair replacements of the defective steam heater in the Plaintiff's bedroom. We should no longer endure the indignity of the cold weather since 2023, which has compromised our health.

E. Defendants are to do the other repairs in Plaintiff's Apt 1K to be done by (a steam heating and boiler repair specialist), not a plumber, in response to 311 complaints.

F. The Defendants must replace the marble floor they wish to tear up in the Plaintiff's apartment bathroom. Unclogging the bathtub drainage with the water leakage part of the defective plumbing they found to leak into the basement.

G. Monetary compensations are sought in amounts stated in an amended complaint to be made by the prospective Plaintiff's attorney. He/she will continue the lawsuit with the several other causes of action of this lawsuit.

The petition for relief needs to be granted. Plaintiffs face sustaining permanent injury with life-threatening consequences to our health and safety. And any additional determinations the Court deems fit.

Date: March 3, 2025

*Vivian A. Hill and Harold H. Warren*

Vivian A. Hill and Harold H. Warren

10

*Exhibit A*

## SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*140 Claremont Owners Std.*
*P.O. Box 79*
*Emerson, New Jersey*
*07630*

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 9074 4122 4560 86

2. Article Number (Transfer from...)
9589 0710 5270 2037 5519 34

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Emerson, NJ 07630

| Certified Mail Fee | $4.85 | | 0033 23 |
|---|---|---|---|
| $ | $4.10 | | |

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)    $ $0.00
- ☐ Return Receipt (electronic)    $ $0.00
- ☐ Certified Mail Restricted Delivery    $ $0.00
- ☐ Adult Signature Required    $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postage    $0.73

Postmark Here

Total Postage and Fees    $9.68    12/27/2024
$

Sent To *Total Management NYC.*
Street and Apt. No., or PO Box No. *PO # 79*
City, State, ZIP+4® *Emerson New Jersey 07630*

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

Exhibit B

## SmithBuss &Jacobs LLP

1325 FRANKLIN AVENUE, SUITE 328, GARDEN CITY, NY 11530  T 516 207 7533  SBJLAW.COM

GARDEN CITY / YONKERS / NEW YORK CITY / SOHO

Sarette Hassid
*Associate*
T 516 207 7533
shassid@sbjlaw.com

February 10, 2025

**Via Certified and Regular Mail**
Vivian Hill
140 Claremont Avenue, Apt. 1K
New York, New York 10027

Re:          140 Claremont Owners Ltd.
Premises:    140 Claremont Avenue, Apt. 1K
             New York, New York 10027

Ms. Hill:

Please be advised that we are general counsel to 140 Claremont Owners Ltd. (the "Corporation"). The Corporation and/or its agents have been trying to gain access to the Premises for the purpose of repairing the leak that was detected in the bathroom of the Premises and you have refused access. Specifically, you refused to grant access to the Corporation and/or its agents on December 12, 2024 for the purpose of repairing the leak in the Premises.

Please take notice that pursuant to paragraph 25 of your proprietary lease ("Lease") you are required to grant access to the Corporation and its agents for the repair of the leak that has been detected in the bathroom of the Premises, causing a leak into the basement of the building and causing water to accumulate.

Demand is hereby made that you grant unobstructed access on Tuesday, March 4th, 2025 between the hours of 9:00 am and 5:00 pm for the Corporation's agent to take any and all measures needed to repair the leak. In the event you and/or your cotenants/undertenants/occupants/guests/invitees fail to grant access and interfere with the Corporation's agents or hinder repairs in any way, legal action will be taken.

Please be guided accordingly.

Respectfully,

Sarette Hassid

cc:    140 Claremont Owners Ltd.



**AT&T Wi-Fi**   4:13 PM

< 86

+1 (917) 745-5662 >

Text Message
Thu, Dec 19 at 12:03 PM

Good morning Ms Hill

We will have a plumber from a different company (E&E Mechanical) on site in the morning to help us with a separate radiator issue at another unit.

Would you like for them to go tomorrow and take a look at your radiator and also perhaps they can also do the bathroom repair?
Please let me know. Thanks!

The sender is not in your contact list.

Report Junk