UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIVIAN A. HILL; HAROLD H. WARREN,

Plaintiffs,

-against-

140 CLAREMONT OWNERS LTD., et al.,

Defendants.

1:25-CV-2025 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Vivian A. Hill and Harold H. Warren, who appear *pro se*, have filed an application for the court to request *pro bono* counsel. (ECF 5.) While Plaintiff Hill has also filed an application for leave to proceed *in forma pauperis* ("IFP" or "IFP" application) (ECF 2), Plaintiff Warren has not. By order dated March 13, 2025, the Court directed Plaintiffs, within 30 days, to pay the $405.00 fees to bring this action. (ECF 7.) In that same order, in the alternative, the Court directed Plaintiff Warren to complete, sign, and submit, within that same 30-day period, an IFP application. (*Id.*) The Court warned Plaintiff Warren that, if he did not comply with that order, the Court would dismiss his claims. (*Id.*)

The Court will grant Plaintiff Hill leave to proceed IFP in a separate order. Because Plaintiffs have not paid the fees, and because Plaintiff Warren has not filed an IFP application, however, the Court dismisses the claims of Plaintiff Warren without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

Because the Court has dismissed the claims of Plaintiff Warren, the Court will address Plaintiffs' application for the court to request *pro bono* counsel solely with respect to Plaintiff Hill. This action is being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915, that all IFP civil actions must be reviewed under, *see* 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii); under that statute "the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief," *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 15, 2025) (citing § 1915(e)(2)(B)(i)-(iii)). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of her claims, her efforts to obtain a lawyer, and her ability to gather the facts and present her case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because this action is still undergoing the abovementioned statutory review, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff Hill in this action. Accordingly, inasmuch as Plaintiff Hill applies to the court to request *pro bono* counsel (ECF 5), the Court denies her application without prejudice to her filing another such application at a later stage of the litigation.

## CONCLUSION

The Court dismisses the claims of Plaintiff Harold H. Warren without prejudice. *See* 28 U.S.C. §§ 1914, 1915. The Court thus directs the Clerk of Court to terminate Plaintiff Warren as a plaintiff in this action; Plaintiff Vivian A. Hill is now the sole plaintiff in this action.

The Court will grant Plaintiff Hill's application for leave to proceed IFP (ECF 2) in a separate order.

2

Because the claims of Plaintiff Warren have been dismissed, the Court understands the

pending application for the court to request *pro bono* counsel (ECF 5) as now brought solely by

Plaintiff Hill. The Court denies that application without prejudice to Plaintiff Hill's filing another

such application at a later stage of the litigation.

The Court thus directs the Clerk of Court to also terminate ECF 5.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 23, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge